UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV319 TIA |
| ) | |
| DRURY INN CONVENTION CENTER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Drury Development Corporation's Motion to Dismiss (Docket No. 12). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## **Background**

On February 20, 2014, Plaintiff Reginald Barber, acting pro se, filed this action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination Employment Act of 1967 ("ADEA") against Defendant Drury Inn Convention Center[1] alleging that another employee slapped his buttocks. The case is now before the Court on Defendant's motion to dismiss his age discrimination claim for lack of subject matter jurisdiction inasmuch as Plaintiff failed to exhaust his administrative remedies as to this claim. The motion is fully briefed, and upon consideration of the administrative charge, the complaint, the parties arguments, and the applicable law, the Court will grant the motion to dismiss.

## **Background**

---

[1] The Court sua sponte is correcting the name of the named party Defendant to Drury Development Corporation inasmuch as Plaintiff has named an improper party, Defendant Drury Inn Convention Center, as noted by Defendant in the Motion to Dismiss.

Plaintiff, a former employee of Express Temporary Services working at Drury Inn Convention Center, alleges that on April 1, 2013, another employee slapped him on the buttocks.

On August 7, 2013, Plaintiff filed a Charge with the Missouri Human Rights Commission and Equal Opportunity Employment Commission alleging sex discrimination/harassment as his only claim. On the administrative charge form, Plaintiff checked the box for "sex," and indicated that the discrimination began on February 28, 2013 and continued through April 2, 2013 and summarized his claim as an incident involving inappropriate touching of Plaintiff by another employee and sexual comments.

In the instant Complaint, Plaintiff alleges age discrimination and sex harassment.

The EEOC issued Plaintiff a Dismissal and Notice of Rights letter on November 21, 2013, and he filed this action on February 20, 2014. In addition to the allegations set forth above, Plaintiff alleges that he was discriminated against due to his age. Defendant moves to dismiss any and all portion(s) of Plaintiff's Complaint alleging age discrimination.

**Standard of Review**

The purpose of a Federal Rule of Civil Procedure 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). For a court to dismiss a complaint for lack of subject-matter jurisdiction, under Rule 12(b)(1), a defendant must successfully challenge the complaint either "on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, as here, all factual allegations relating to jurisdiction are presumed true, and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject-matter jurisdiction. Id. Dismissal

for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).

## **Discussion**

A party seeking redress under either Title VII or the ADEA is required "to give notice of all claims of discrimination in the administrative complaint." Stuart v. Gen. Motors, 217 F.3d 621, 630 (8th Cir. 2000); see Forest v. Barnes Jewish Hosp., 2009 WL 877716, at *7-8 (E.D. Mo. Mar. 30, 2009). The pursuit of administrative remedies affords the EEOC the opportunity to investigate claims of employment discrimination and to work toward voluntary compliance and conciliation. Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005).

Once administrative remedies are exhausted, the plaintiff can bring his or her "employment-discrimination claim, along with allegations that are like or reasonably related to that claim." Id. (citation omitted). Entirely new allegations not found in the plaintiff's charge of discrimination that appear for the first time in the district court complaint should be dismissed for failure to exhaust administrative remedies if the administrative charge does not provide notice that such charges would be raised. See Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 851-52 ((8th Cir. 2012) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-09 (2002)).

Plaintiff's allegations regarding age discrimination are not included in his charge of discrimination, and appear for the first time in his Complaint. Plaintiff's allegation that Defendant discriminated against him based on his age is not like or reasonably related to the sex discrimination claim alleged in the Charge. As such, the Court finds that Plaintiff has failed to exhaust his administrative remedies with respect to any allegations relating to age discrimination, and any allegations of age discrimination must be dismissed for lack of subject matter jurisdiction. See Brooks

v. Midwest Heart Group, 655 F.3d 796, 801 (8th Cir. 2011) (holding that "[a]n employee may not bring allegations in a Title VII action if they go beyond those that could reasonably be expected to grow out of the charge of discrimination filed with the EEOC.").

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 12) is **GRANTED.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of April, 2014.