UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **REGINALD BARBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00319-TIA |
| ) | |
| **DRURY INN CONVENTION CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now Defendant DRURY DEVELOPMENT CORPORATION (hereinafter "Defendant"), by and through its undersigned counsel, and hereby submits its Memorandum in Support of its Motion for Summary Judgment.

**I.     STATEMENT OF THE CASE**

On February 21, 2014, Plaintiff Reginald Barber ("Plaintiff") filed a Complaint against Defendant. The Complaint alleges Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., by (1) sexually harassing him and (2) discriminating on the basis of his age. Plaintiff alleges Defendant's employee, Pol Hernandez ("P. Hernandez"), sexually harassed him by slapping his buttocks (S.F. ¶ 23).

On March 18, 2014, Defendant filed a Motion to Dismiss for failure to exhaust his administrative remedies as to the age discrimination claim (S.F. ¶ 24). The Court found Plaintiff failed to exhaust his administrative remedies with respect to his age discrimination claim and dismissed the claim (S.F. ¶ 25). Thus, this Court has limited Plaintiff's lawsuit to the sex harassment claim. *Id.* As there are no genuine issues of material fact to be decided at trial,

{00291707.4}

Defendant respectfully requests this Court grant its Motion for Summary Judgment on Plaintiff's sex harassment claim for the reasons stated herein.

## II. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56, Defendant submits its Statement of Uncontroverted Material Facts concurrently with this Memorandum and incorporates it herein by reference.

## III. THE APPLICABLE LAW AND ANALYSIS

### A. Summary Judgment Procedural Standards.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." *R & J Enterprizes v. Gen. Cas. Co.*, 627 F.3d 723, 726 (8th Cir. 2010) (*citing* FED.R.CIV.P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is material if its determination in favor of the non-moving party could affect the outcome of the case. *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 310 (8th Cir. 2009).

In ruling on a motion for summary judgment, a court must view the facts in the record in the light most favorable to the non-moving party. *Rester v. Stephens Media, LLC,* 739 F.3d 1127, 1130 (8th Cir. 2014). However, once the moving party carries its burden of establishing the absence of genuine issues of material fact, the non-moving party "may not rest upon the mere allegations or denials" in its pleadings, but must produce sufficient evidence to reasonably support a jury verdict in its favor. *Anderso*n, 477 U.S. at 248; *Spence v. EMC Mortgage Corp.,* 2012 WL 1758663 at *1 (W.D. Mo. May 16, 2012)("party opposing summary judgment must do

more than simply stand on her pleadings."). If a party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding any essential element necessarily renders all other facts immaterial. *Rester,* 739 F.3d at 1130.

Moreover, a plaintiff with pro se status is not entitled to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case. *Reyna v. Barnes & Noble,* 2009 WL 929135 at *1 (W.D. Mo. Apr. 3, 2009); *Thurman v. St. Anthony's Hosp.,* 2011 WL 4008022 at *1 (E.D. Mo. Sept. 8, 2011). Under these standards, the undisputed facts compel the conclusion that Defendant is entitled to Summary Judgment.

    **B.**    **Defendant Is Entitled To Judgment As A Matter Of Law Because Plaintiff Cannot Establish The *Prima Facie* Elements Of An Actionable Claim for Hostile Work Environment Sex Harassment.**

Title VII prohibits an employer from "discriminat[ing] against any individual with regard to his compensation, terms, conditions or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2 (a)(1). Unlawful discrimination based on sex includes claims for hostile or abusive work environment sexual harassment. *Pedroza v. Cintas Corp.,* 2003 WL 828237 at *6 (W.D. Mo. Jan. 9, 2003). Sex discrimination includes creating a hostile or abusive work environment if the harassment is sufficiently abusive to affect a "term, condition, or privilege" of employment. *Id.* at *7. Same sex harassment is recognized under Title VII. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 79 (1998).

In the context of addressing male-on-male harassment claims, both the U.S. Supreme Court and the Eighth Circuit explicitly recognize that a claimant must meet a "high threshold" of proof before a claim becomes actionable as a civil rights violation. *Id.* at 80; *Linville v. Sears, Roebuck & Co.,* 335 F.3d 822, 824 (8th Cir. 2003). To make a *prima facie* claim of hostile work environment sexual harassment by a non-supervisory co-worker, Plaintiff must show: (1) he is a

member of a protected class; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Pedroza,* 2003 WL 828237 at *6; *McCown v. St. John's Health Sys.,* 349 F.3d 540, 542 (8th Cir. 2003); *Cross v. Prairie Meadows Racetrack & Casino, Inc.,* 615 F.3d 977, 981 (8th Cir. 2010).

If Plaintiff fails to present sufficient evidence of even one essential element of his *prima facie* case, Defendant is entitled to summary judgment. *Barekman v. City of Republic,* 232 S.W.3d 675, 680-81 (Mo. App. 2007); *Gilooly v. Mo. Dep't of Health & Senior Servs.,* 421 F.3d 734, 738 (8th Cir. 2005). For purposes of this Motion only, Defendant admits Plaintiff is a member of a protected class[1] and the alleged conduct was unwelcome.[2] However, Plaintiff cannot establish the remaining three elements of a *prima facie* case. Therefore, summary judgment is appropriate.

### 1. There Is No Evidence That Plaintiff Was Harassed "Because of His Sex."

Plaintiff's *prima facie* case fails because he cannot establish he was harassed "because of his sex." Based on Plaintiff's Complaint, EEOC/MCHR Charge of Discrimination, his Attorney's letter, and Discovery Response, Plaintiff's allegations of harassment consist of one (1) incident wherein P. Hernandez "put his hand on [him and] slapped [his] buttock." (S.F. ¶¶ 20, 23, 26-30).

---

[1] Defendant recognizes this element is not in dispute. "To show membership in a protected group, all that is required is that the plaintiff be a man or a woman." *Pedroza,* 2003 WL 828237 at *6.

[2] Defendant recognizes this Court must accept Plaintiff's allegations as true for purposes of this Motion, but denies the alleged harassment was unwelcome.

Generalized harassment in the workplace is not illegal under Title VII. *Oncale*, 523 U.S. at 80-81. Plaintiff must establish a "causal connection" that the harassment occurred "because of sex," in other words, because of gender. *Id.* The Supreme Court explained this element of a hostile-work environment claim serves as an obstacle to plaintiffs where, as here, the alleged harasser and the plaintiff are of the same sex. *Id.* Whereas conduct involving explicit or implicit proposals of sexual activity directed at a person of a different sex creates an inference that the proposals would not have been made to a person of the same sex, the same is not true in same-sex harassment cases. *Id.* at 81. In other words, in the case of same-sex workplace sexual harassment, no presumption exists that the harassment was because of sex. *Id.* Instead, the same-sex plaintiff must demonstrate the harassing conduct was not merely "tinged with offensive sexual connotations," but actually constituted discrimination because of sex. *Id.* 79-81.

There are three ways to prove same-sex sexual behavior in the workplace rises to the level of illegal sexual harassment because of sex, by showing: (1) the sexual behavior is motivated by actual homosexual desire; (2) the harassment is framed in "such sex-specific and derogatory terms . . . as to make it clear that the harasser is motivated by general hostility" toward members of the same gender in the workplace; or (3) "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Id.*

      **a.**     **There Is No Evidence The Alleged Harassment Was Motivated By Sexual Desire.**

A same-sex plaintiff can establish the defendant's conduct was based on sex by showing "the alleged harasser (1) made explicit or implicit proposals of sexual activity, coupled with (2)

'credible evidence'[3] that the harasser was homosexual." *Pedroza,* 2003 WL 828237 at *7. With "credible evidence" of the harasser's homosexual tendencies, the jury may infer the harasser's actions were motivated by homosexual desire, and, thus, would not have been directed at someone of the opposite sex. *Oncale*, 523 U.S. at 81.

In *Oncale*, the Supreme Court explained:

> In same-sex (as in all) harassment cases, that inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced by its target. A professional football player's working environment is not severely or pervasively abusive, for example, if the coach smacks him on the buttocks as he heads onto the field—even if the same behavior would reasonably be experienced as abusive by the coach's secretary (male or female) back at the office. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive.

*Oncale,* 523 U.S. at 81-82.

In *Pedroza,* the Court held allegations that the harasser told the plaintiff "she wanted her" and "I love ya" coupled with trying to kiss her on several occasions and trying to hold her hand was insufficient to overcome summary judgment. *Pedroza*, 2003 WL 828237 at *8. The Court noted it was "mindful that in examining [the harasser's] behavior, it must not ignore the teachings of *Oncale*". . . [and] "courts must look at the harassing behavior in light of the

---

[3] At Plaintiff's Deposition, for the first time, Plaintiff alleged P. Hernandez stood behind him in the restroom, requested to "screw Plaintiff" for ten (10) dollars, and requested to see Plaintiff's penis. (*See* Exhibit A, Plaintiff's Depo. p. 33, ll. 5-8, 23-24). Defendant submits that this evidence is not credible as Plaintiff never raised these allegations at the EEOC Administrative stage, in his lawsuit, written discovery, or his Attorney's letter (S.F. ¶ 20, 23, 26-30). See *Callanan v. Runyun,* 903 F. Supp. 1285, 1299 (D. Minn. 1994) *aff'd,* 75 F.3d 1293 (8th Cir. 1996) (granting summary judgment to employer and noting that because the plaintiff brought up allegations of sex harassment for the first time during her deposition, this evidence was not persuasive and she could not have perceived this conduct as affecting her job and performance). Moreover, Plaintiff testified that he did not include these allegations in his EEOC/MCHR Charge of Discrimination because he "forgot." (Exhibit A, Plaintiff's Depo. p. 41, ll. 11). Plaintiff further testified he did not include the allegations in his Complaint because they "didn't come to [his] mind." (Exhibit A, Plaintiff's Depo. p. 43, ll. 6).

'surrounding circumstances.'" *Id.* at *8. In viewing the alleged harasser's conduct in proper context, the Court found her "conduct amount[ed] to a rude form of teasing motivated by a mutual dislike rather an earnest sexual solicitation." *Id.* at *9.

Here, Plaintiff's only complaint was that P. Hernandez slapped him on the buttocks. Moreover, Plaintiff stated that P. Hernandez slapped his buttocks with an open hand "like a football player does to a football player." (S.F. ¶ 31). Examined in proper context, it is clear P. Hernandez's alleged slap of Plaintiff's buttocks was not motivated by earnest sexual desire. Under these circumstances, no reasonable jury could conclude P. Hernandez's alleged conduct was motivated by sexual desire. As a result, Plaintiff cannot establish he was discriminated against "because of his sex."

### b. There Is No Evidence P. Hernandez Was Motivated By A Hostility To The Presence Of Males In The Workplace.

Plaintiff cannot establish his *prima facie* case under the second "evidentiary route" of *Oncale*. In *Linville,* the Eighth Circuit affirmed the lower court's grant of summary judgment and rejected the employee's complaints of same sex harassment. *Linville,* 335 F.3d at 824. In *Linville*, the alleged harasser struck the plaintiff in the scrotum several times and laughed at him. *Id.* at 823. The Court held the evidence did not support a hostile work environment claim because the plaintiff failed to provide evidence the harassment was "based on sex." *Id.* at 824. It reasoned the striking "in the scrotum and laughing was probative of crude, gender-specific vulgarity, it was not, by itself, probative of gender discrimination." *Id.* Thus, the plaintiff failed to show the alleged harasser was motivated by hostility towards men. *Id.*

Here, there is no evidence P. Hernandez was motivated by a hostility toward the presence of males in the workplace. Plaintiff admits he did not witness P. Hernandez sexually harass any

other employee (S.F. ¶ 41).  Plaintiff's supervisor, Brad Gronefeld ("Gronefeld"), was not aware of any sexual comments or inappropriate touching involving P. Hernandez (S.F. ¶¶ 35-40). Under these circumstances, Plaintiff cannot establish he was discriminated against "because of" his sex based on any claim that P. Hernandez was hostile towards males in the workplace. *Harbert-Yeargin,* 266 F.3d at 522 (rejecting same-sex hostile-work-environment claim because alleged harasser was not motivated by hostility to presence of men); *Odom v. St. Louis Cmty. Coll.,* 36 F.Supp. 2d 897, 903 (E.D. Mo. 1999) (finding teasing, offhand comments, and isolated incident involving feigned sexual activity showed immaturity rather than hostility); *McCown,* 349 F.3d at 543-44 (finding no hostility toward males where the alleged harasser tried to "irritate" him; thus, even though conduct was inappropriate and vulgar, there was insufficient evidence to demonstrate harasser's conduct towards plaintiff was based on sex).  Thus, summary judgment is appropriate.

### c. There Is No Evidence P. Hernandez Treated Males And Females Differently.

Plaintiff cannot satisfy the third method of proof because there is no "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace."  *Pedroza,* 2003 WL 828237 at *7.  There is no evidence P. Hernandez treated males and females differently in the primarily male work environment (S.F. ¶ 5).  Likewise, there is no evidence P. Hernandez treated other employees the way Plaintiff alleges P. Hernandez treated him.  Again, Plaintiff admits he did not witness any other harassment by P. Hernandez (S.F. ¶ 41).  As a result, Plaintiff cannot establish he was discriminated against because of his sex based on any claim P. Hernandez treated males and females differently in the workplace.  *Klein v. McGowan,* 36 F.Supp. 2d 885 (D. Minn. 1999) *aff'd,* 198 F.3d 705 (8th Cir. 1999)(finding male

plaintiff's alleged incidents of harassment over 16 years did not constitute harassment based on sex because workplace was almost entirely male and no other employees were harassed).

### d. Conclusion.

Therefore, based on the foregoing, summary judgment is appropriate because there is no evidence that P. Hernandez's alleged conduct was because of Plaintiff's sex. *McCown,* 349 F.3d at 544 (finding express absence of knowledge as to whether the alleged harasser sexually harassed female employees insufficient to generate a jury question as to whether conduct constituted "discrimination because of sex").

### 2. The Alleged Harassment Was Not Sufficiently "Severe Or Pervasive."

In order to establish his *prima facie* case, Plaintiff must also show the alleged harassment was permeated with discriminatory intimidation, ridicule, and insult sufficiently "severe and pervasive" to alter the conditions of his employment and create an abusive working environment. *Broadus v. State Farm Ins. Co.,* 2000 WL 1585257 at *5 (W.D. Mo. Oct. 11, 2000)."  This 'demanding' standard requires 'extreme' conduct 'rather than merely rude or unpleasant' conduct. *Rester*, 739 F.3d at 1131; *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). "The Eighth Circuit has found summary judgment proper in numerous cases due to the plaintiff's failure to show the harassing conduct was 'sufficiently severe or pervasive so as to alter the conditions of employment.'" *Allen v. Missouri,* 2013 WL 2156259 at *8 (E.D. Mo. May 17, 2013) (citations omitted)(noting that hostile work environment claims are limited in nature and require "high evidentiary showing").

In evaluating whether the alleged harassment arises to the level of a "hostile work environment," courts must consider the totality of the circumstances. *Oncale*, 523 U.S. at 81; *Rester,* 739 F.3d at 1131.  Factors "include the frequency of the discriminatory conduct; its

severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23; *Cross*, 615 F.3d at 981. Title VII is not a "general civility code" – it requires more than "simple teasing, offhand comments, and isolated incidents (unless extremely serious)." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998).

Here, Plaintiff alleges one single incident of alleged sexual harassment. The Supreme Court has consistently held that in the context of sexual harassment claims involving a single incident of alleged harassment, summary judgment is required if no reasonable juror could consider the incident "extremely serious." *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 271 (2001)(*citing Faragher,* 524 U.S. at 788). Likewise, it is well established in the federal, Eighth Circuit, and Missouri courts that one single incident of alleged sexual harassment is insufficient to establish a violation of Title VII for hostile work environment. *Rester,* 739 F.3d at 1129, 1131-32 (affirming summary judgment based on finding that <u>singular incident</u> where employee put hands on plaintiff three times and physically prevented her from leaving could not establish a hostile work environment); *Miles v. Bellefontaine Habilitation Ctr.,* 2006 WL 1663003 at *4 (E.D. Mo. June 7, 2006)(granting employer summary judgment where the conduct involved a single, isolated incident); *Montandon v. Farmland Indus., Inc.,* 116 F.3d 355, 358 (8th Cir. 1997) (finding one incident was not so severe or pervasive as to fall within purview of Title VII); *Smith v. Schnuck Markets, Inc.,* 2006 WL 1790162 at *7 (E.D. Mo. June 27, 2006) *aff'd sub nom.*, 264 F. App'x 541 (8th Cir. 2008) (granting employer summary judgment where the only alleged incident involved coworker's demand for sexual act because this behavior "falls short of the 'demanding standard' the Supreme Court and the Eighth Circuit have set for hostile work environment claims."); *Ford-Varnes v. Johnson Controls, Inc.,* 2006 WL 290597 at *6 (W.D.

Mo. Feb. 6, 2006) (noting single incident insufficient to establish sexual harassment); *Cobb v. Anheuser Busch, Inc.,* 793 F. Supp. 1457, 1492 (E.D. Mo. 1990) ("[T]o establish that harassment was sufficiently pervasive, a plaintiff cannot rely on a single or isolated incident.").

The Eighth Circuit's decision in *Meriwether* is similar to the instant case.  There, the plaintiff claimed sex harassment discrimination based a single incident where a co-worker squeezed her buttocks and later joked about it. *Meriwether v. Caraustar Packaging Co.,* 326 F.3d 990, 992 (8th Cir. 2003).  The Court determined "the lone grabbing incident and subsequent encounter does not rise to the level of severe or pervasive conduct to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Id.* at 993.  Thus, because the plaintiff failed to establish the fourth element of the *prima facie* case as a matter of law, summary judgment in favor of the employer was appropriate on the plaintiff's hostile work environment sexual harassment claim. *Id.* at 994; *Pfullman v. Texas Dep't of Transp.,* 24 F.Supp.2d 707, 712 (W.D. Tex. 1998) (granting summary judgment based on same sex harassment claim where supervisor sat on plaintiff's lap and "rocked around").

Here, Plaintiff's sexual harassment claim stands on his allegation that P. Hernandez slapped his buttocks "like a football player does to [another] football player."  (S.F. ¶ 31). Plaintiff was known for his large size and strength (S.F. ¶¶ 19, 32).  However, P. Hernandez is significantly smaller in size and height (S.F. ¶ 14).  Plaintiff admits he could not hit P. Hernandez because he would "break him up."  (S.F. ¶ 32).  Following *Meriwether* and the well established precedent enumerated above, it is clear this single incident cannot rise to the level of severe or pervasive conduct required to establish a sex harassment claim under Title VII.  Under these facts, no reasonable jury could determine Plaintiff was subjected to an environment of "severe and pervasive" harassment.  Thus, because Plaintiff is unable to prove a material fact

question as to the fourth element of his *prima facie* claim, summary judgment must be granted. *Gilooly,* 421 F.3d at 738.

### 3. Defendant Exercised Reasonable Care And Took Prompt, Remedial Action to Plaintiff's Complaint About The Buttocks Slapping Incident.

"In assessing whether an employer exercised reasonable care to correct promptly any sexually harassing behavior, the employer's notice of the harassment is of paramount importance." *Crawford v. BNSF Ry. Co.,* 665 F.3d 978, 984 (8th Cir. 2012) (*Weger v. City of Ladue,* 500 F.3d 710, 720 (8th Cir. 2007)). While Courts review the remedial action taken by employers, they give deference to the employer's business judgment where the employer acted in good faith to fashion a remedy. *Id.; Tatum v. Ark. Dep't of Health*, 411 F.3d 955 (8th Cir. 2005)(finding employer's response reasonable where two weeks passed before any investigation started). "Generally, where the employer responds to a sexual harassment complaint in such a way as to promptly stop the sexual harassment, there is no basis for finding employer's post complaint actions not sufficiently corrective." *Weger*, 500 F.3d at 723.

Defendant was not aware of any alleged harassment until April 1, 2013 when Plaintiff informed his supervisor, Gronefeld, that P. Hernandez slapped his buttocks (S.F. ¶¶ 35-38). In fact, Plaintiff admits this was the first time he complained to Gronefeld about P. Hernandez (S.F. ¶ 38). Plaintiff also admits he did not inform any other DDC or Express employee of any alleged harassment by P. Hernandez. *Id.* Finally, Plaintiff admits Gronefeld knew of no other instance of harassment by P. Hernandez (S.F. ¶¶ 37, 40). Accordingly, it is undisputed that Defendant had absolutely no knowledge of any alleged harassment by P. Hernandez prior to April 1, 2013.

Moreover, Defendant's actions to investigate P. Hernandez's sexual harassment promptly upon Plaintiff's report were undoubtedly reasonable. Gronefeld immediately investigated

Plaintiff's allegations (S.F. ¶ 42).  First, Gronefeld confronted P. Hernandez (S.F. ¶ 43).  P. Hernandez denied touching Plaintiff (S.F. ¶ 44).  Next, Gronefeld spoke with several employees working that day to assess the allegations (S.F. ¶¶ 45-46).  None of the individuals interviewed corroborated Plaintiff's allegations.  Gronefeld's investigation revealed Plaintiff's allegations were unsubstantiated, as no other employees witnessed him touch Plaintiff.  *Id.*

Even though no one confirmed Plaintiff's allegation, Gronefeld ensured Plaintiff and P. Hernandez remained separated (S.F. ¶¶ 47-50).  Gronefeld advised P. Hernandez to stay away from Plaintiff (S.F. ¶ 50).  Plaintiff admits Gronefeld took action and advised P. Hernandez to stay away from Plaintiff.  *Id.*  Gronefeld felt that, because Plaintiff and P. Hernandez were in completely separate areas, Plaintiff's problems with P. Hernandez allegedly harassing him were resolved (S.F. ¶ 49).

Within minutes after Gronefeld's investigation, Plaintiff got into a physical altercation with another temporary employee, Justin Rooks, and Gronefeld asked them both to leave (S.F. ¶¶ 52, 55, 59).  Gronefeld saw Plaintiff charge Rooks and punch him (S.F. ¶ 52).  Plaintiff admits he punched Rooks and knocked him down (S.F. ¶ 53).  Gronefeld investigated the cause of the fight by discussing with the employees present (S.F. ¶ 57).  Due to the altercation, both Plaintiff and the other temporary employee's services were terminated (S.F. ¶ 58).[4]

Notwithstanding the fact Plaintiff's assignment ended the same day Defendant conducted an investigation into his complaint about P. Hernandez, the undisputed record evidence demonstrates Defendant promptly corrected P. Hernandez's alleged harassment of Plaintiff by taking immediate action to investigate the claim and separate them.  *Caleshu v. Merrill Lynch, et. al.,* 737 F.Supp. 1070, 1083 (E.D. Mo. 1990) (granting employer summary judgment because it

---

[4] Significantly, at deposition Plaintiff admitted Defendant had legitimate grounds to terminate his employment. Specifically, Plaintiff understood he was not supposed to fight at work and that he could be fired for fighting (Plaintiff's deposition, p. 58).

took immediate remedial action and physically separated the plaintiff and alleged harasser); *Zirpel v. Toshiba Am. Info. Sys., Inc.,* 111 F.3d 80, 81 (8th Cir. 1997) (affirming summary judgment where employer met with and issued warning to alleged harasser). Accordingly, there is no genuine issue of material fact as to whether Defendant exercised reasonable care in correcting the alleged sexual harassment. Thus, summary judgment in favor of the employer is appropriate.

## IV. CONCLUSION

Plaintiff has failed to create a genuine issue of material fact with regard to his sex harassment claim. Plaintiff cannot establish three of the five elements of his *prima facie* case of hostile work environment sexual harassment by a non-supervisory co-worker. First, there is no evidence Plaintiff was harassed "because of his sex" because the alleged harassment was not motivated by sexual desire or hostility towards the presence of males in the workplace. Additionally, the alleged harasser does not treat males and females differently. Second, the alleged harassment was not sufficiently "severe or pervasive" to affect a term, condition, or privilege of employment. Finally, Defendant immediately took action to investigate and correct the alleged harassment. Thus, Defendant is entitled to summary judgment as a matter of law because there is no genuine issue of material fact.

WHEREFORE, Defendant DRURY DEVELOPMENT CORPORATION prays that its Motion for Summary Judgment to be granted in its entirety in accordance with Federal Rule of Civil Procedure 56 at Plaintiff's cost, with an award to Defendant of its attorney's fees incurred in the defense of this matter, and for all such further relief as the Court deems just and proper.

Respectfully submitted,

THE LOWENBAUM PARTNERSHIP, LLC

*/s/ Christopher M. Sanders*
Christopher M. Sanders, #55198MO
Jamie N. Mahler #66055MO
222 South Central, Suite 901
Clayton, MO 63105
(314) 746-4809 - *Phone*
(314) 746-4848 - *Fax*
csanders@lowenbaumlaw.com
jmahler@lowenbaumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on January 5, 2015, served a true and correct copy of the foregoing via U.S. Mail upon the following:

Reginald Barber
802 Rolwes Avenue
St. Louis, MO 63135

*/s/ Christopher M. Sanders*