UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD BARBER | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:14CV319 TIA |
| | ) | |
| | ) | |
| | ) | |
| DRURY DEVELOPMENT CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Drury Development Corporation's Motion for Summary Judgment (ECF No. 31).  Plaintiff Reginald Barber filed two letters but not a responsive pleading and the time for doing so has expired.  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, the Motion for Summary Judgment will be granted.

On February 20, 2014, Plaintiff originally filed this action *pro se* under 42 U.S.C. § 2000e, et seq. alleging claims of sexual harassment and age discrimination.  (Pltf.'s Compl., ECF No. 1).[1] In particular, Plaintiff claims he was subjected to sexual harassment when Defendant's employee "slapped [his] buttocks."

On January 5, 2015,  Defendant Drury Development Corporation filed a Motion for Summary Judgment, asserting that Plaintiff Reginald Barber has failed to establish three of the five elements of his prima facie case of hostile work environment sexual harassment by a non-

---

[1]The undersigned dismissed Plaintiff's age discrimination claim for lack of subject matter jurisdiction in the Memorandum and Order of April 17, 2014.  (ECF No. 20).

supervisory co-worker.  Moreover, Defendant contends there is no evidence he was harassed because of his sex inasmuch as the alleged harassment was not motivated by sexual desire or hostility.  Third, Defendant argues the alleged harassment was not sufficiently severe or pervasive to affect a term, condition, or privilege of employment.  Finally, Defendant asserts that Defendant immediately took action to investigate and correct the alleged harassment.

## The Undisputed Evidence before the Court on the Motion

Accordingly, the record establishes the following:

**1. Background**

Plaintiff Reginald Barber is a male citizen of the State of Missouri residing in St. Louis. (Pltf.'s Compl., ECF No. 1; Exh. A, Pltf.'s Depo. at 6).

In February 2013, Defendant started a complete renovation and remodel of the Drury Inn & Suites Convention Center ("Convention Center") located at 711 North Broadway, St. Louis, Missouri, 63102.  (Exh. B, Gronefeld Aff. at ¶ 5).  Brad Gronefeld ("Gronefeld"), a Construction Superintendent with Drury Development Corporation since April 2006, was responsible for overseeing the day-to-day operation of new construction sites including the management of construction crews and sub-contractors by locating, evaluation, and selecting sub-contractors and monitoring their performance.  (Id. at ¶¶ 3-4, 7).  Initially, another Superintendent, Mark Zemann, oversaw the renovation at the Convention Center and coordinated with Express Employment Professionals ("Express") to obtain temporary construction workers for the project.  (Id. at ¶ 6). In March 2013, Gronefeld took over as Construction Supervisor at the Convention Center so he was in charge of all of the renovations at the site, and he was Plaintiff's supervisor.  (Id. at ¶¶ 7, 18; Pltf.'s Aff. at 18).  In particular, Gronefeld managed the subcontractors by locating and

selecting subcontractors, monitoring their performance, and changing employment status of a temporary employee including hiring, firing, promoting, assigning work, or scheduling hours. (Gronefeld Aff. at  ¶ 4).  Gronefeld had the authority to initiate or end an Express temporary employee's assignment with Defendant.  (Id.).  Ron Ball ("Ball") has been employed full-time as a skilled tradesman with Defendant and assists Gronefeld in overseeing temporary labor and coordination of operations.  (Id. at  ¶ 9).  Holman Hernandez ("H. Hernandez") has been employed full-time as a material handler, a laborer, with Defendant.  (Id. at  ¶ 10).   Neither Ball nor H. Hernandez had any supervisory authority to make any change in any employee or temporary employee's employment status including hiring, firing, assigning work, or scheduling hours.  (Id. at  ¶ 11).

The majority of the workforce at the Convention Center renovation site was primarily male.  (Id. at ¶ 5).  Pol Hernandez ("P. Hernandez"), the male employee who allegedly harassed Plaintiff, has been employed full-time as a laborer with Defendant, and he assists H. Hernandez with stocking inventory.  (Id. at ¶ 11).  P. Hernandez stands at five feet and six inches and is sixty years old.  (Id.).

At the relevant time, Ken Jones, Romaro Smith, Joshua Colvin ("Colvin"), Robbin Clay, and Craig Hicks, all Express temporary employees, were assigned to work at the Convention Center as laborers.  (Id. at ¶ 12).  Justin Rooks ("Rooks"), Harold Johnson, and Anthony Faraji were also Express temporary employees assigned to work at the Convention Center as carpenters. (Id. at ¶ 13).

On March 11, 2013, Defendant engaged the temporary services of Plaintiff through Express and assigned him to the Convention Center as a general laborer with duties including

carrying large and heavy equipment and materials, operating a jackhammer, and performing

demolition duties.  (Id. at ¶ 14, 19; Pltf.'s Depo. at 8, 16, 45).

    **2.  Plaintiff's Allegation of Sexual Harassment**

    In the afternoon on April 1, 2013, Plaintiff reported the buttocks slapping incident to

Gronefeld, his supervisor.  (Gronefeld Aff. at ¶ 33; Pltf.'s Depo. at 46, 50).  Plaintiff never made

any other allegation against P. Hernandez during his three-week assignment to the Convention

Center.  (Gronefeld Aff. at ¶¶ 14-15, 27).  Other than the complaint made by Plaintiff on April 1,

2013, Defendant is not aware of any other alleged harassment.  (Id. at ¶ 16).  Gronefeld was not

aware of any sexual comments or inappropriate touching involving P. Hernandez or any other

Defendant employee towards Plaintiff.  (Id. at ¶ 16).

    In the April 17, 2013 letter, counsel apprised Defendant of his representation of Plaintiff

and made reference to the incident on April 1, 2013, where Defendant's employee allegedly made

sexual overtures to his client and touched Plaintiff.  (Exh. D).  In his deposition, Plaintiff admitted

this letter only cited to the one incident occurring on April 1, 2013 when P. Hernandez

allegedly slapped his buttocks, and everything in the letter was accurate.  (Pltf.'s Depo. at 43, 54).

He further explained how P. Hernandez's slap was with an open hand like a football player slaps

another football player.  (Id. at 53).  Likewise, in his Answer to Defendant's Interrogatories,

Plaintiff averred the basis for his sexual harassment claim stem from the incidents on April 1,

2013.  (Exh. E at Nos. 6, 10, 11).

    During his deposition, Plaintiff admitted that Gronefeld never witnessed any other alleged

sex harassment, and April 1, 2013 was the first time he complained to Gronefeld about P.

Hernandez.  (Pltf.'s Depo. at 51, 53).  Plaintiff further opined he did not inform Gronefeld or any

other manager of any other alleged harassment by P. Hernandez besides the April 1, 2013 slapping Plaintiff on the buttocks, and no other employee of Defendant or Express ever sexually harassed or inappropriately touch him in any manner.  (Id. at 15-17, 51-52).

After Plaintiff reported P. Hernandez touching his buttocks, Gronefeld immediately investigated the complaint by first confronting P. Hernandez with Plaintiff's accusations. (Gronefeld Aff. at ¶ 17).  After P. Hernandez denied touching Plaintiff, Gronefeld asked three individuals, Colvin, Rooks, and Matthew Ativie ("Ativie"), working that day whether they witnessed any interaction between Plaintiff and P. Hernandez.  Each individually informed Gronefeld they did not see any interaction between Plaintiff and P. Hernandez.  (Id. at ¶¶ 17-18). Based on his investigation, Gronefeld found Plaintiff's allegations to be unsubstantiated inasmuch as no other employees had an issue with P. Hernandez or witnessed him interact or harass Plaintiff.  (Id.).

Because Plaintiff and P. Hernandez were not working in the same area on April 1, 2013, Gronefeld felt that Plaintiff's problems with P. Hernandez were resolved.  (Id. at ¶¶49).  Even though he could not corroborate Plaintiff's allegation, Gronefeld advised P. Hernandez to stay away from Plaintiff.  In his deposition, Plaintiff admitted that Gronefeld told P. Hernandez to stay away from him.  (Id. at ¶ 50).  Gronefeld then went to the pool area to meet with another contractor.  (Id. at ¶ 23).  Shortly thereafter, Gronefeld heard loud voices coming from the area he just left and returned to find out what was happening.  As he approached, Gronefeld witnessed Plaintiff charging at Rooks while Rooks was backing up.  (Id. at ¶ 52).  By the time Gronefeld reached them, Plaintiff was on top of Rooks and punching him.  (Id. at ¶ 52).  In his deposition, Plaintiff admitted he punched Rooks and knocked him down.  (Pltf.'s Depo. at 48).  Although

Gronefeld pinned Plaintiff's arms back and pulled him from Rooks, Plaintiff continued to kick Rooks.  (Gronefeld Aff. at ¶ 24).  After separating Rooks and Plaintiff, Gronefeld told them to leave immediately.  (Gronefeld Aff. at ¶ 25; Pltf.'s Depo. at 49).  Plaintiff stormed off the job site before Gronefeld could speak with him.  (Gronefeld Aff. at ¶ 25).  Gronefeld talked to every employee on the job site except Plaintiff to determine how the altercation started.  (Id. at ¶ 26).  Rooks reported Plaintiff becoming offended by something he said.  (Id.).  On April 1, 2013, Rooks and Plaintiff's temporary employment services were terminated.  (Id. at ¶ 27).  In his deposition, Plaintiff admitted the incident, investigation, and altercation all transpired within approximately thirty minutes.  (Pltf.'s Depo. at 61).

### 3.  Plaintiff's Charges and Complaint of the Sexual Harassment

On August 7, 2013, Plaintiff filed a Charge of Discrimination jointly with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") (Exh. C, Compl. at  ¶ 7).  In the Charge, Plaintiff alleged sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended and set forth the particulars of his discrimination claim as follows: Defendant's employee "slapped [him] on [his] buttocks." (Id.).  Plaintiff received a Notice of Right to Sue with regard to his sexual harassment claim from the MCHR on January 13, 2014.  (Compl. at ¶ 8).  Plaintiff received a Dismissal and Notice of Rights dated November 21, 2013 regarding his claim of sex harassment from the EEOC.  (Compl. Exh. 1).

On February 21, 2014, Plaintiff filed the instant Complaint alleging Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by sexually harassing him and discriminating against him on the basis of his age.  His allegations of harassment are based on

- 6 -

one incident wherein P. Hernandez "put his hand on [him and] slapped [his] buttock."  (Compl. at ¶ 12; Pltf.'s Depo. at 29, 45, 50).  Defendant filed a Motion to Dismiss for failure to exhaust his administrative remedies as to the age discrimination claim.  (ECF No. 12).  On April 17, 2014, the Court entered an Order finding Plaintiff failed to exhaust his administrative remedies with respect to his age discrimination claim and dismissed the age discrimination claim.  (ECF No. 20).

**Motion for Summary Judgment**

### 1. <u>Standard for Ruling on a Motion for Summary Judgment</u>

At the outset, the undersigned notes that Plaintiff has not offered any statement of material facts that are in dispute as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).  Local Rule 4.01(E) provides in relevant part: "The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts.  All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense."  <u>Libel v. Adventure Lands of America, Inc.</u>, 482 F.3d 1028, 1032 (8th Cir. 2007) (internal quotation and citation omitted).

Under Local Rule 4.01(E), Defendants' Statement of Facts is deemed admitted because it was not controverted by Plaintiffs.  Accordingly, Plaintiff's failure to comply with Rule 56(c) and Local Rule 4.01(E) warrants the Court deeming admitted Defendant's Statement of Facts as uncontroverted by Plaintiff.  <u>Turner v. Shinseki</u>, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing <u>Deichmann v. Boeing Co.</u>, 36 F.Supp. 2d 1166, 1168 (E.D. Mo. 1999)), <u>aff'd</u>, 232 F.3d 907 (8th Cir. 2000), <u>cert. denied</u>, 531 U.S. 877.  Plaintiff's pro se status does not excuse him

from responding to Defendant's motion "with specific factual support for his claims to avoid summary judgment," Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with Local Rule 4.01(E).  See Peterson v. Corr. Med. Servs., 2012 WL 4108908, at *1 (E.D. Mo. Sept. 18, 2012).

Nonetheless, Plaintiff's failure to respond properly to the motion for summary judgment does not mean that summary judgment should be automatically granted in favor of Defendant. Even if the facts alleged by Defendant are not in dispute, those facts must still establish that Defendant is entitled to judgment as a matter of law.  Vander v. Emerson, 2012 WL 15021, at *1 (W.D. Mo. Jan. 4, 2012).

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).  Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial.  Id.  "[T]he nonmovant must respond by submitting evidentiary materials that 'set out specific facts showing a genuine issue for trial.'"  Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(e)(2)).  The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion.  Id., at 324. The nonmovant must "explain the legal significance of her factual allegations beyond the mere

conclusory statements importing the appropriate terms of art." Quinn v. St. Louis Cnty., 653 F.3d 745, 752 (8th Cir. 2011).

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion, and give that party the benefit of any inference that logically can be drawn from those facts. Buller v.Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477 U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

**2. *Prima Facie* Elements of a Claim for Hostile Work Environment Sexual Harassment**

"Title VII prohibits employers from discriminating based on sex with respect to compensation, terms, conditions, or privileges of employment." Jenkins v. Winter, 540 F.3d 742, 748 (8th Cir. 2008).  "Discrimination based on sex that creates a hostile or abusive working environment violates Title VII." Id. at 748 (citing Brenneman v. Famous Dave's of Am., Inc., 507 F.3d 1139, 1143 (8th Cir. 2007)) , quoting Weger v. City of Ladue, 500 F.3d 710, 718 (8th Cir. 2007).  "A hostile work environment arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance, or creating an intimidating, hostile, or offensive working environment." Anda v. Wickes Furniture Co., Inc., 517 F.3d 526, 531 (8th Cir. 2008) (citation omitted).

The standard for demonstrating a hostile work environment on the basis of sexual harassment is a demanding one.  LeGrand v. Area Res. for Cmty. and Human Servs., 394 F.3d 1098, 1101 (8th Cir. 2005).  Actionable conduct must be extreme rather than merely rude or unpleasant.  Id.  Plaintiff must establish a causal connection that the harassment occurred because of sex, in this case, gender.  To establish a *prima facie* case of hostile work environment sexual harassment in an action involving a non-supervisory co-worker, a plaintiff must prove that: (1) he is a member of a protected class; (2) he was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. Cross v. Prairie Meadows Racetrack & Casino, Inc., 615 F.3d 977, 981 (8th Cir. 2010). If Plaintiff fails to present sufficient evidence of one essential element of his *prima facie* case, Defendant is entitled to summary judgment.  For purpose of summary judgment, Defendant concedes Plaintiff is a member of a protected class and the alleged conduct was

- 10 -

unwelcome.  Defendant contends Plaintiff fails to establish the remaining three elements of a *prima facie* case and therefore summary judgment is appropriate.

Plaintiff's prima facie case fails inasmuch as he cannot establish he was harassed because of his sex.  In the instant case, Plaintiff only allegation of  harassment is the incident wherein P. Hernandez "put his hand on [him and] slapped [his] buttock."

In Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998), the Supreme Court addressed the issue of if and when same-sex harassment can be actionable under Title VII..  In concluding sex-based harassment can occur between two people of the same gender, the Court provided some guidance as to what types of harassment may constitute actionable discrimination. Id. at 80.  The Supreme Court opined Title VII does not "prohibit all verbal and physical harassment...; it is directed only at discriminat[ion]... because of sex."  Id. (internal quotation marks omitted).  The Court emphasized it "ha[d] never held that workplace harassment ... is automatically discrimination because of sex merely because the words used have sexual content or connotations," and instead, a plaintiff must prove the conduct at issue "constituted discrimination because of sex" and was not just "merely tinged with offensive sexual connotations."  Id. at 80-81 (internal alterations omitted).  The Court set out three evidentiary routes a plaintiff can use to show the conduct in a same-sex harassment claim was based on sex.  Id. at 80-81.  First, a plaintiff can show the conduct was motivated by the co-worker's sexual desire for persons of the same sex.  Id. at 80.  Second, a plaintiff can show the harasser was motivated by a general hostility to the presence of the same gender in the workplace.  Id.  Third, a plaintiff may offer direct comparative evidence about how a harasser treated both males and females differently within a mixed -sex workplace.  Id. at 80-81.

A same-sex plaintiff can establish the defendant's conduct was based on sex by showing "the alleged harasser (1) made explicit or implicit proposals of sexual activity, coupled with (2) 'credible evidence' that the harasser was homosexual."[2] Pedroza v. Cintas Corp., 2003 WL 828237, at * 7 (W.D. Mo. 2003).

Based on the summary judgment record taken in a light most favorable to Plaintiff, the Court finds no reasonable jury could find that sexual desire motivated P. Hernandez's actions towards Plaintiff. The evidence of record shows P. Hernandez put his put his hand on Plaintiff and slapped his buttock as evidence that sexual desired motivated his behavior. Indeed, during his deposition, Plaintiff explained how P. Hernandez slapped his buttocks with an open hand like a football player does to another football player, and as such is not suggestive of motivation by sexual desire. See,e,g,, McCowan v. St. John's Health Sys., Inc., 349 F.3d 540, 541-43 (8th Cir. 2003) (finding that harassment was not motivated by sexual desire when the victim suggested the harasser was "just trying to 'irritate' him," and the harasser grabbed the victim on the waist, chest, and buttocks, pressed against the victim and stimulated intercourse, and attempted to put objects in the victim's buttocks); Linville v. Sears, Roebuck & Co., 335 F.3d 822, 823-24 (8th Cir, 2003)

_____

[2]During Plaintiff's deposition, he alleged for the first time that P. Hernandez stood behind him in the restroom and requested to screw him for $10 and requested to see his penis. (Pltf.'s Depo. at 33). Nonetheless, in his deposition, Plaintiff also admitted counsel's letter only cited to the one incident occurring on April 1, 2013 when P. Hernandez allegedly slapped his buttocks, and everything in the letter was accurate. (Id. at 43, 54). The undersigned finds this evidence is not credible inasmuch as Plaintiff never raised these allegations at the EEOC administrative stage, in his lawsuit, written discovery, or his attorney's letter, and there is no evidence before the Court to substantiate such allegations. See Roeben v. BG Excelsior Ltd. P'ship, 545 F.3d 639, 642 (8th Cir. 2008) ("To survive summary judgment, a plaintiff must substantiate his allegations with enough probative evidence to support a finding in his favor). Moreover, Plaintiff testified that he did not include these allegations in his EEOC/MCHR Charge of Discrimination because he forgot, and he did not include the allegations in his Complaint because they "didn't come to [his] mind." (Pltf.'s Depo. at 41, 43).

(finding harassment not based on sex where the harasser repeatedly struck the victim in the scrotum).

Viewing the facts in the light most favorable to Plaintiff, the evidence does not show P. Hernandez was motivated by sexual desire toward Plaintiff.  The Court concludes that the evidence to suggest motivation by homosexual desire was insufficient to create a triable question of fact.

Likewise, the evidence fails to show P. Hernandez was motivated by a general hostility to the presence of the same gender in the workplace. During his deposition, Plaintiff admitted that he did not witness P. Hernandez sexually harass any other employee.  Gronefeld was not aware of any sexual comments or inappropriate touching involving P. Hernandez.  Thus, the Court concludes that there is insufficient evidence to demonstrate a genuine question of material fact as to whether the allegedly discriminatory behavior was motivated by a general hostility towards males in the workplace.

Here, the third method is not applicable inasmuch as the relevant work place appears to have been almost exclusively males, and the instant record is devoid of any evidence regarding P. Hernandez's treatment of females in the primarily male work environment.  Further, during his deposition, Plaintiff admitted he did not witness any other harassment by P. Hernandez.

The Court finds there is insufficient evidence to establish the fourth element of Plaintiff's prima facie case.  To establish this element, a plaintiff "must demonstrate the unwelcome harassment was sufficiently severe and pervasive as to affect a term, condition, or privilege of employment by creating an objectively hostile or abusive environment." LeGrand v. Area Resources for Community and Human Servs., 394 F.3d 1098, 1101 (8th Cir. 2005).  The Eighth

Circuit has found summary judgment proper in numerous cases due to plaintiff's failure to show the harassing conduct was "sufficiently severe or pervasive so as to alter the conditions of employment."  See,  Duncan v. General Motors Corp., 300 F.3d 928, 933-34 (8th Cir. 2002) (proposition for a "relationship," touching of plaintiff's hand, and creation of "Man's Hater Club" poster not actionable); Tuggle Mangan, 348 F.3d 714, 722 (8th Cir, 2003) (comments based on plaintiff's sex and the posting of photograph of plaintiff's "clothed rear end" is not actionable); Meriwether v. Caraustar Packaging Co., 326 F.3d 990,993 (8th Cir. 20033) (grabbing plaintiff's buttocks and confronting her about it the following day did not rise to actionable conduct); Alagna v. Smithville R-II Sch. Dist., 324 F.3d 975, 977 (8th Cir. 2003) (a co-worker that called plaintiff's home, frequently visited her office, talked about his relationships with women, touched plaintiff's arm, placed romance novels in plaintiff's work mailbox, invaded plaintiff's personal space, and told plaintiff he loved her was found to be inappropriate, but the conduct was not sufficiently severe or pervasive).  "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview."  Duncan v. General Motors Corp., 300 F.3d 928, 934 (8th Cir. 2002)(quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).  The standards for a hostile environment are demanding, and "conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment."  Alagna, 324 F.3d at 980. "In determining whether the conduct is sufficiently severe or pervasive, [the Court must examine] the totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Duncan, 300 F.3d at

- 14 -

934 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)); see also Baker v. John Morrell & Co., 382 F.3d 816, 828 (8th Cir. 2004).

Not all conduct that is deplorable and offensive rises to this level, as courts strive to avoid imposing "a code of workplace civility." Woodland v. Joseph T. Ryerson & Son, Inc., 302 F.3d 839, 843 (8th Cir. 2002). "More than a few isolated incidents are required," and the harassment must be so intimidating, offensive, or hostile that it "poisoned the work environment." Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 967 (8th Cir. 1999) (citations omitted). In an analogous case, the plaintiff claimed sex harassment discrimination based on a single incident where a co-worker squeezed an employee's buttocks and later joked with the employee about the incident. Meriwether, 326 F.3d at 992. The Eighth Circuit Court of Appeals found "the lone grabbing incident and subsequent encounter does not rise to the level of severe or pervasive conduct to alter the conditions of [the plaintiff's] employment and create an abusive working environment." Id. at 993.

Here, the conduct attributed to P. Hernandez involved one single incident wherein P. Hernandez slapped Plaintiff's buttocks "like a football player does to [another] football player," and there is no evidence that it unreasonably interfered with Plaintiff's work. In light of the demanding standards set by the Supreme Court and by *Duncan* and its progeny, "it cannot be said that it rises to the level of actionable hostile work environment sexual harassment." LeGrand, 394 F.3d at 1102. The Court finds the alleged harassment was not sufficiently severe and pervasive to alter the conditions of his employment and create an abusive working environment. Viewing Plaintiff's claim in light of these standards, the Court finds there is insufficient evidence to demonstrate that P. Hernandez's allege conduct affected a term, condition or privilege of

- 15 -

Plaintiff's employment.  See LeGrand, 394 F.3d at 1101-02 ("to be actionable the conduct must be extreme and not merely rude or unpleasant.").  This conduct was not frequent or physically violent or threatening, and did not unreasonably interfere with his work performance.

With respect to the fifth element, i.e., that the "employer knew or should have known of the harassment and failed to take prompt and effective remedial action,"the Court finds there is not sufficient evidence in the summary judgment record to show Defendant knew or should have known of the sexual harassment.  Defendant was not aware of any alleged harassment until April 1, 2013 when Plaintiff informed Gronefeld that P. Hernandez slapped his buttocks.  The record shows this was the first time he complained to Gronefeld about P. Hernandez, and he did not inform any other Drury Development Corporation or Express employee of any alleged harassment by P. Hernandez.  Indeed, Plaintiff admitted Gronefeld know of no other instance of harassment by P. Hernandez.

To show an employer "'failed to take proper remedial action.'" Joens v. John Morrell & Co., 354 F.3d 938, 940 (8th Cir. 2004) (citation omitted), the plaintiff must show the employer did not undertake a course of action, "reasonably calculated to stop the harassment." Carter v. Chrysler Corp., 173 F.3d 693, 702 (8th Cir. 1999).  An employer is not liable if it takes prompt remedial action that is reasonably calculated to stop the harassment. Engel v. Rapid City Sch. Dist., 506 F.3d 1118, 1123-24 (8th Cir. 2007).  "Generally, where the employer responds to a sexual harassment complaint in such a way as to promptly stop the sexual harassment, there is no basis for finding the employer's post complaint actions not sufficiently corrective." Weger v. City of Ladue, 500 F.3d 710, 723 (8th Cir. 2007).

In the Court's view, Defendant's remedial measures were reasonable and appropriate.

- 16 -

After the sexual harassment was reported, an investigation was immediately commenced by Gronefeld and several employees were interviewed including P. Hernandez.  Gronefeld's investigation showed Plaintiff's allegations were unsubstantiated as no other employee witnessed P. Hernandez touch Plaintiff.  Nonetheless, Gronefeld ensured Plaintiff and P. Hernandez remained separated, and he advised P. Hernandez to stay away from Plaintiff.  Shortly after Gronefeld's investigation, Plaintiff became involved in a physical altercation with another temporary employee, and Gronefeld asked them both to leave.  Plaintiff admitted he punched the other employee and knocked him down. Accordingly there is not genuine issue of material fact regarding Gronefeld's response to his complaint was effective, reasonable, and appropriate.

For the above reasons, the Court concludes that Defendant is entitled to summary judgment on Plaintiff's sexual harassment claim. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Drury Development Corporation's Motion for Summary Judgment (ECF No. 31) is **GRANTED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this __5th__ day of March, 2015.

_____/s/Terry I. Adelman_____
UNITED STATES MAGISTRATE  JUDGE

- 17 -